IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTWAN TRAVERS, | No. 4:22-CV-00851 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN JAMISON, | |
| Respondent. | |

## MEMORANDUM OPINION

JANUARY 24, 2023

Petitioner Antwan Travers is confined at the Federal Correctional Institution Allenwood Medium (FCI Allenwood), in White Deer, Pennsylvania. He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that he was wrongly convicted of a disciplinary infraction, resulting in the loss of good-conduct time and other privileges. For the following reasons, the Court must deny Travers' Section 2241 petition.

I. **BACKGROUND**

Travers is serving a 180-month sentence for attempt, aiding and abetting, and conspiracy to commit Hobbs Act Robbery imposed by the United States District Court for the District of Maryland.[1] His projected release date, via good-conduct time, is August 10, 2027.[2]

---

[1] Doc. 9-1 at 3 ¶ 3; *id.* at 6.
[2] *Id.* at 7.

On December 8, 2020, Travers was reportedly found to be in possession of an illegal cellular telephone and hotspot that were located in his workstation.[3] He was charged with Offense Code 108 (Possessing a Hazardous Tool).[4] This charge is designated by the Bureau of Prisons (BOP) as one of the "Greatest Severity Level Prohibited Acts."[5]

The incident report was referred to a Discipline Hearing Officer (DHO) "due to [the] high severity" of the charged offense.[6] Travers was interviewed on April 11, 2021, as part of the investigation, during which he purportedly stated, "You guys got me. I found the phone, fucked around with it for a little bit and couldn't get it to work. I put the phone in my cup on my desk and rolled the hotspot up in my jumpsuit. I planned on getting rid of it the next day. I knew what I was doing was wrong."[7] Security video footage of the incident showed Travers "placing a black object in the cup on his workstation" and "taking his jumpsuit off and placing the [hotspot] inside the jumpsuit and placing it on the table in his workstation."[8] The footage also confirmed that Travers "was the last person to touch either object" until they were discovered by staff.[9] According to the report,

---

[3] *Id.* at 10.
[4] *Id.*
[5] *See* 28 C.F.R. § 541.3 (table 1).
[6] *See* Doc. 9-1 at 11. Because the charge at issue was a 100-level offense—the most serious or "Greatest" severity—referral to the DHO for further review was automatic. *See* 28 C.F.R. § 541.7(a)(4).
[7] Doc. 9-1 at 18.
[8] *Id.* at 19-20.
[9] *Id.* at 19.

however, the video footage "could not be saved" despite multiple attempts "due to an error in the system."[10]

The DHO held a formal hearing on the charge on May 12, 2021.[11] At the hearing, Travers was assisted by staff representative "Mr. Nicholas," who stated that he had no first-hand knowledge of the incident, no further information to present, and no statement to make on Travers' behalf regarding the case.[12] Travers reportedly stated, "I failed to do my job (UNICOR) and my intentions were to use the phone if it worked."[13] Travers did not call any witnesses or present any documentary evidence.[14] The DHO found that "some facts" supported the conclusion that Travers committed the charged offense, citing—among other things—the incident report, chain-of-custody documents, photographs, and staff memorandums.[15] The DHO sanctioned Travers with disallowance of 41 days' good-conduct time, forfeiture of 100 days' nonvested good-conduct time, 60 days' disciplinary segregation (suspended 180 days pending clear conduct), and loss of email, phone, and visitation privileges for a year.[16]

---

[10] *Id.* at 19-20.
[11] *See id.* at 24.
[12] *Id.*
[13] *Id.*
[14] *Id.* at 24-25.
[15] *Id.* at 24-26.
[16] *Id.* at 26.

Travers avers that he appealed the DHO's decision to the BOP's Regional Director and Central Office, but that his appeals were denied.[17] He subsequently filed the instant Section 2241 petition in May 2022.[18] Travers' petition is fully briefed and ripe for disposition.

## II. DISCUSSION

Travers contends that the evidence was insufficient to support the charged offense.[19] He argues that he was authorized to possess the cellphone and hotspot for his job at UNICOR, and that he simply "failed to dismant[le] these items in the time provided" and was "putting the items away for another time period."[20] When an inmate challenges the sufficiency or weight of the evidence in a DHO hearing through a habeas petition, that claim sounds in a due process challenge under the Fifth or Fourteenth Amendment.[21]

Inmates retain certain procedural due process rights in prison disciplinary proceedings, although these rights "may be curtailed by the demands and realities of the prison environment."[22] *Wolff v. McDonnell* enumerates those protections

---

[17] *See* Doc. 1 at 2-3.
[18] *See generally* Doc. 1.
[19] *See id.* at 10-11.
[20] *Id.* at 10.
[21] *See Denny v. Schultz*, 708 F.3d 140, 142-44 & n.5 (3d Cir. 2013) (noting that petitioner's Section 2241 due process challenge was not arguing that DHO hearings were "procedurally defective in any way," but rather that evidence was insufficient to support finding of possession of contraband discovered in a two-inmate cell).
[22] *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)).

and requires, at minimum, (1) the right to appear before an impartial decision-making body; (2) written notice of the charge(s) at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence (so long as the presentation of such evidence is not "unduly hazardous to institutional safety or correctional goals"); (4) if the inmate is illiterate or complex issues are involved, assistance from another inmate or a staff member; and (5) a written decision by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action.[23]

When an inmate challenges the sufficiency of the evidence in a prison disciplinary proceeding that resulted in the loss of good-conduct time, "the requirements of due process are satisfied if *some evidence* supports the decision" to revoke good-time credits.[24] Determining whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."[25] Rather, the relevant inquiry for the court is whether there is "any evidence in the record that could support the conclusion" reached by the decisionmaker.[26]

---

[23] *Wolff*, 418 U.S. at 563-70 (citations omitted).
[24] *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added).
[25] *Id.*
[26] *Id.* at 455-56; *see also Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013) ("[T]he 'some evidence' standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding." (citation omitted)).

Under this minimal evidentiary burden, Travers Section 2241 petition fails. Travers argues that he was authorized to possess the cellphone and hotspot for his job and submitted a statement alleging that his supervisor had told him that "nothing inside the w[are]house is considered contraband until it is removed from the w[are]house."[27]  Nevertheless, the DHO concluded that Travers violated prison regulations and wrongfully possessed the cellphone and hotspot.  In making this decision, the DHO relied on documentary evidence including the incident report, staff memorandums recounting the contents of security video footage, chain-of-custody documents, and photographic evidence.  Additionally, the DHO cited Travers' own statements that he knew what he was doing was not permitted and that he was intentionally concealing the cellphone and hotspot with the intent to use them if they worked.  This Court does not review disciplinary proceedings *de novo* or reweigh the evidence.[28]  Rather, the Court's only question on habeas review is whether there was "any evidence in the record" to support the DHO's decision.  Because the Court must answer that question in the affirmative, Travers' Section 2241 petition will be denied.

---

[27] Doc. 9-1 at 13; Doc. 11 at 2.
[28] *See Hill*, 472 U.S. at 455.

**III.   CONCLUSION**

For the foregoing reasons, the Court must deny Travers' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge